**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DERRICK HARDGROVE,**

    Plaintiff,

v.                                                                **CASE NO. 4:04-cv-00294-MP-AK**

**LONNIE HOLMES, et al,**

    Defendants.

_____/

## O R D E R

      This matter is before the Court on Defendants' Motion to Stay Discovery until the issue of qualified immunity has been decided in their motion for summary judgment. (Doc. 60). Defendants filed a Special Report, with attached evidentiary materials, as directed by the Court, which has been construed as a motion for summary judgment. (Docs. 32, 45). As is the Court's usual practice in construing these special reports as motions for summary judgment, it offered Plaintiff an opportunity to move for discovery prior to filing a response to the motion. (Doc. 45). In response, Plaintiff filed a motion seeking leave to serve interrogatories upon the Defendants (doc. 52), which the Court reviewed and granted. (Doc. 54).

      If the only issue before the Court were immunity or some other issue of law, it would likely grant Defendants' request. However, Defendants include in their motion the substantive issues of the case involving a number of factual matters, and it would be fundamentally unfair to preclude Plaintiff from engaging in any discovery when the Court, as is required by the Eleventh Circuit, has advised him that he must come forward with evidentiary materials to support his response to summary judgment. See

Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985). The Court is mindful that qualified immunity is a bar to discovery and for this reason, among others, requires inmate plaintiffs to submit their discovery requests to the Court prior to their service.  The discovery Plaintiff proposes is not burdensome and mostly appears relevant to the issues raised in the complaint.  Plaintiff has not only the right, but the responsibility to come forward with evidentiary materials to counter those materials presented by Defendants in their motion, and he shall be allowed to make his best effort in this regard.

Accordingly, it is

**ORDERED:**

Defendants' Motion to Stay (doc. 60) is **DENIED** and they shall respond to Plaintiff's discovery deemed served upon them on July 13, 2006 (doc. 54).

**DONE AND ORDERED** this *21st*   day of August, 2006

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 4:04-cv-00294-MP-AK*